FILED

2011 MAR -7 AM 11: 50

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD REZA HADIZADEH,<br><br>                              Petitioner,<br>vs.<br><br>ERIC HOLDER, Attorney General; JANET NAPOLITANO, Secretary of the Department of Homeland Security, ROBIN BAKER, Director of San Diego Field Office, U.S. Immigration and Customs Enforcement,<br><br>                              Respondents. | CASE NO. 10cv1395 BEN (WMC)<br><br>**ORDER DISMISSING § 2241 PETITION** |

### INTRODUCTION

Petitioner Mohammad Reza Hadizaheh has filed a motion for habeas relief pursuant to 28 U.S.C. § 2241. Petitioner attempts to challenge the termination of removal proceedings against him to allow the Department of Homeland Security ("DHS") to pursue reinstatement of removal based on his previous deportation. In response, the United States argues that the Petition should be dismissed for lack of subject-matter jurisdiction because Petitioner is not in custody. Because Petitioner is not in custody, the Petition is **DISMISSED** for lack of subject-matter jurisdiction.

///

///

///

## BACKGROUND

Petitioner is a native and citizen of Iran. He became a lawful permanent resident in 1985, but was placed in deportation proceedings in Texas for convictions in California and Texas. In 1997, Petitioner's applications for relief from deportation were denied by an Immigration Judge ("IJ"). The IJ's decision was affirmed by the Board of Immigration Appeals ("BIA"), and Petitioner's appeal to the Fifth Circuit Court of Appeals was dismissed for lack of jurisdiction. Petitioner was deported in 1998.

At some point after deportation, Petitioner reentered the United States. In 2005, he was apprehended near San Diego and placed in removal proceedings. After these proceedings commenced, DHS discovered the 1997 deportation order and sought to terminate the Petitioner's removal proceedings. The IJ terminated the removal proceedings and Petitioner was released from custody. Petitioner challenged the termination of his removal proceedings, but the IJ's decision was affirmed by the BIA and the Ninth Circuit Court of Appeal dismissed the petition for review. Petitioner filed the instant Petition shortly after the Ninth Circuit dismissed his petition for review. DHS has not yet sought to reinstate the 1997 deportation order.

## DISCUSSION

Section 2241 includes a custody requirement. 28 U.S.C. § 2241(c) (prohibiting the extension of a writ of habeas corpus "to a prisoner unless . . . [h]e is in custody"). While "the use of habeas corpus has not been restricted to situations in which the applicant is in actual physical custody," it does not extend as far as Petitioner seeks to take it here. *Justices of Boston Municipal Court v. Lyndon*, 466 U.S. 294, 300 (1984). Courts have extended the boundaries of "in custody" to include those: held on unchallenged charges facing new challenged charges; subject to conditions of pretrial release; released on personal recognizance; and required to attend rehabilitation classes. *Id.* at 300-01 (personal recognizance); *Wilson v. Belleque*, 554 F.3d 816, 822 (9th Cir. 2009) (detained based on unchallenged charges facing new charges); *Means v. Navajo Nation*, 432 F.3d 924, 928 (9th Cir. 2005) (pretrial release); *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 2001) (classes). In each instance, the petitioner is subject to some restrictions or conditions in exchange for release from physical custody.

1     Petitioner is not subject to any such restrictions or conditions. His removal proceedings were
2 terminated and he was released from custody. He is not subject to any conditions in exchange for his
3 release or subject to a bond requirement. The possibility that DHS may, as some point in the future,
4 decide to reinstate his 1997 proceedings does not constitute custody. If the mere potential for DHS
5 to seek deportation were sufficient, every person within the United States who might be the subject
6 of deportation proceedings could preemptively file a § 2241 petition challenging an action DHS has
7 not yet taken.

## CONCLUSION

9     The Petition is **DISMISSED** for lack of subject-matter jurisdiction. The Clerk shall close the
10 file.

12 **IT IS SO ORDERED.**

14 DATED: March 7, 2011

Hon. Roger T. Benitez
United States District Court Judge